UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-68-D-RN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| PARKER ALLEN GIBSON ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or around June of 2016, and continuing to on or about June 22, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, PARKER ALLEN GIBSON, did willfully and knowingly receive, conceal, and retain stolen property of the United States, that is, various property belonging to the United States military, of a value exceeding $1,000.00, with intent to convert said property to his own use, then knowing said property to have been stolen, in violation of Title 18, United States Code, Section 641.

## COUNT TWO

Beginning in or around January of 2020, and continuing to on or about June 2, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, PARKER ALLEN GIBSON, did knowingly steal explosives materials, grenades, which had moved in interstate and foreign commerce, in violation of Title 18, United States Code, Section 844(k).

1

## COUNT THREE

Beginning in or around January of 2020, and continuing to on or about June 22, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, PARKER ALLEN GIBSON, did knowingly possess, transport, conceal and store explosives materials, grenades, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe that the explosive materials were stolen, in violation of Title 18, United States Code, Sections 842(h) and 844(a)(1).

## COUNT FOUR

Beginning in or around January of 2020, and continuing to on or about June 22, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, PARKER ALLEN GIBSON, knowingly received and possessed a firearm, a destructive device (grenade), not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT FIVE

On a date uncertain but between January of 2020, and continuing to on or about June 2, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, PARKER ALLEN GIBSON, being an employee of the United States, and by virtue of his employment possessed documents containing classified information of the United States, did knowingly remove such documents without authority and with the intent to retain such documents at an unauthorized location, in violation of

Title 18, United States Code, Section 1924(a).

FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of explosive materials, firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 924(d), 844(c) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all explosive materials, firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 2/21/2024

MICHAEL F. EASLEY, JR.
United States Attorney

BY: GABRIEL J. DIAZ
Assistant United States Attorney