IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CR-68-D-RN

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PARKER ALLEN GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, the court hereby confirms that in this case the government is subject to the disclosure obligation of the prosecution recognized in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady* provides that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Failure by the government to comply in this case with its disclosure obligation under *Brady* and its progeny, in violation of this order or otherwise, can result in exclusion of evidence, an adverse jury instruction, dismissal of charges, reversal of a conviction, vacation of a sentence, and imposition of sanctions against the individuals responsible for the violation, among other consequences.

SO ORDERED, this 13th day of March, 2024.

James E. Gates
United States Magistrate Judge